IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IONE SKYE VASQUEZ, <br><br> Plaintiff <br><br> v. <br><br> ELON MUSK et al., <br><br> Defendants. | **Civil No. 25-1396 (GMM)** |

### OPINION AND ORDER

On October 1, 2025, Ione Skye Vasquez ("Plaintiff"), proceeding *pro se*, filed a *Complaint* against Elon Musk, Claire Boucher (a.k.a. Grimes), X Corp., Taylor Swift, Jack Dorsey, Bloomberg L.P., Barack Obama, Netflix, Inc., Donald Trump, and Alphabet Inc. ("Defendants"). (Docket No. 2). Plaintiff has also filed an *Application to Proceed in District Court Without Prepaying Fees or Costs* (Docket No. 1), which is hereby granted.

For the reasons explained below, the Court finds that the present *Complaint* must be, and is hereby, **DISMISSED** without prejudice.

### I.   BACKGROUND

Plaintiff is a resident of Loíza, Puerto Rico. (Docket No. 2 at 1). Plaintiff alleges "that she is being assaulted by predatory algorithms and radiotelephonic abuse on multiple social media platforms, in addition to continued disruptions and

sabotage to her study and suspicious overheating of her computer device." (Docket No. 8 at 1). Plaintiff – who refers to Defendants as "[h]er adversaries" – further allege that Defendants "are clearly committed" to "obstructing" her use of the internet and technological devices – in particular social media and video streaming platforms. (Id.) As alleged, "as a result of her engagement with the Twitter platform, she experienced years of cyberstalking, sexual harassment, bullying, slander, sabotage, grooming, torture, psychological abuse and intellectual property theft that culminated in the production of musical artists Sza's *SOS* album and Taylor Swift's *Midnights* and *The Tortured Poets Department*." (Docket No. 7 at 2).

Plaintiff submitted over 150 pages of exhibits detailing lengthy allegations as to how Defendants purposefully interfered with her technological devices with the overt intention of causing on Plaintiff physical harm and emotional distress. (Id.; Docket No. 8). Through her filings, Plaintiff has submitted hundreds of images – among the which figure social media posts, explicit images of Plaintiff herself, online advertisements, still images of movies, 'screenshots' of text and email messages - that purportedly showcase an intricate and years-long scheme of surveillance conducted by Defendants, and other public figures, against Plaintiff with the ultimate goal of causing

deliberate intimidation and harm. *See generally* (Docket No. 8).

Plaintiff claims that Defendants' acts violate the Fourth Amendment, 17 U.S.C. § 501, 18 U.S.C. § 1831, 18 U.S.C. § 2261A, 42 U.S.C. § 2276, the Violence Against Women Act, the Lanham Act, and Title VII of the Civil Rights Act. *See* (Id. at 2). Plaintiff asks for a total amount of $6,550,000,000 in monetary damages, a portion of which Plaintiff commits to donating to local schools and police efforts. (Id. at 148).

## II. LEGAL STANDARD

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim arises under federal law - within the meaning of § 1331 - if a federal cause of action emerges from the face of a well-pleaded complaint. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997).

Nonetheless, a federal district court has the authority to dismiss a claim if the federal claim is frivolous or "so insubstantial, implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 89 (1998).

A "frivolous" action is one that "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims are factually frivolous when they describe

"fantastic or delusional scenarios." Id. at 327–28; *see also* Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Dismissals based upon a finding of frivolousness "are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324.

### III. ANALYSIS

Plaintiff's contentions as to an enduring conspiracy by Defendants, and other public figures, to intentionally harm Plaintiff physically and emotionally by surveilling and sabotaging her technological equipment is, at best, "clearly baseless" and, at worst, patently incoherent and delusive. Id. at 327.

As these words suggest, a finding of factual frivolousness is appropriate in this case, given that the "facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton, 504 U.S. at 32-33.

As the Supreme Court has stated, a Court may dismiss a claim as factually frivolous when the facts alleged are "fanciful," "fantastic," and "delusional." Neitzke 490 U.S. at 325, 27-28. In light of the above - and even recognizing Plaintiff's *pro se* status and affording the corresponding leniency to her filing,

the Court finds that the *sua sponte* dismissal of Plaintiff's civil action is warranted.

## IV. CONCLUSION

In view of the foregoing, the case is **DISMISSED** without prejudice. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, October 17, 2025.

s/ Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
United States District Judge
